**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KELLI LEIGH GEARY**                                                                                       **PLAINTIFF**

**V.**                            **No. 4:19-cv-00115 JM/PSH**

**ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION**[1]                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Kelli Leigh Geary, applied for disability benefits on September 3, 2015, alleging a disability onset date of August 27, 2014. (Tr. at 40). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Geary's claim. (Tr. at 50). The

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Geary has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II.  The Commissioner's Decision:

The ALJ found that Ms. Geary had not engaged in substantial gainful activity since the alleged onset date of August 27, 2014. (Tr. at 42). At Step Two of the sequential five-step analysis, the ALJ found that Ms. Geary had the following severe impairments: fibromyalgia, neuropathy, depressive disorder, chronic pain syndrome, thyroid disorder, and anxiety. *Id.*

The ALJ found that Ms. Geary's impairments did not meet or equal a listed impairment. *Id.* Before proceeding to Step Four, the ALJ determined that Ms. Geary had the residual functional capacity ("RFC") to perform work at the sedentary level, with limitations. *Id.* She could perform no work requiring the use of ladders, ropes, or scaffolds, and could only occasionally climb ramps and stairs. Id. She could only occasionally stoop, balance, knee, crouch, and crawl. *Id*. She could have no exposure to hazards and unprotected heights. *Id*. She must be able to utilize an assistive device to access the work station on level ground if needed. *Id*. She must be permitted to sit or stand in 30-minute intervals throughout the workday. *Id*. She could perform work that is simple and routine with repetitive tasks, with supervision that is simple, direct,

and concrete. *Id*. She could perform SVP 1 or 2 jobs. *Id.*

The ALJ next found that Ms. Geary was unable to perform any past relevant work. (Tr. at 48). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Ms. Geary's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 49). Therefore, the ALJ found that Ms. Geary was not disabled. *Id.*

**III.    Discussion:**

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Ms. Geary's Arguments on Appeal

Ms. Geary contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues only that the ALJ did not properly analyze her subjective complaints of pain.

When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

Here, the ALJ specifically discussed medical records indicating Ms. Geary had normal gait and station and was able to get up and down from the exam table without assistance. (Tr. at 44, 349-352, 430-433). She had normal reflexes and good muscle strength in her extremities. (Tr. at 430-433, 445-452). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). The ALJ discussed positive response to treatment. (Tr. at 47). On more than one occasion, Ms. Geary said that Lyrica helped with her pain. (Tr. at 430-433, 510). Impairments that are controllable or amenable to treatment do not support a finding of disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). She also said that psychiatric medication helped her, but that she did not like taking the medication because she was embarrassed. (Tr. at 72).

A cervical spine MRI showed mild to moderate conditions, and a brain MRI was normal. (Tr. at 349-352). A nerve conduction study was normal. *Id*. Ms. Geary was encouraged to exercise. (Tr. at 445-452). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

The ALJ considered the opinion of Dr. Stephen Humbard, M.D., who said that Ms. Geary could not even perform sedentary work. (Tr. at 45-48, 501). The ALJ gave this opinion little weight because the medical evidence did not bear out the

restrictive opinion. *Id*. The ALJ also discussed the opinions of state-agency non-examining doctors, who said Ms. Geary could perform light work. (Tr. at 87-89, 101-104). Clearly, the ALJ gave some credit to Ms. Geary's complaints because he chose to limit her to sedentary work instead.

The ALJ also discussed Ms. Geary's activities. In her 2015 function report she said she could do a variety of daily activities, but then at the hearing she said she was significantly limited. (Tr. at 261-264). The testimony was not consistent with mild clinical findings and improvement with medication. (Tr. at 48).

Finally, while Ms. Geary says that the ALJ did not consider her impressive work history as a DEA agent, in fact, he spent quite some time asking questions about her work history at the hearing. He then wrote that he considered the prior work history in making his finding. (Tr. at 46). The ALJ did sufficiently analyze and discuss the factors necessary in evaluating Ms. Geary's subjective complaints.

## VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Geary was not disabled. The ALJ properly analyzed Ms. Geary's subjective complaints. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 5th day of May, 2020.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE